**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

DEC 24 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAIMI SHOAGA,<br><br>        Plaintiff-Appellant,<br><br>v.<br><br>ANDREW NELSON III; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>        Defendants-Appellees. | No. 23-16002<br><br>D.C. No. 2:21-cv-01953-DAD-CKD<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted December 17, 2024[**]

Before:    WALLACE, GRABER, and BUMATAY, Circuit Judges.

Raimi Shoaga appeals pro se from the district court's judgment dismissing

his Title VII action alleging employment discrimination. We have jurisdiction

under 28 U.S.C. § 1291. We review de novo a district court's dismissal under Fed.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

R. Civ. P. 12(b)(6).  *Wood v. City of San Diego*, 678 F.3d 1075, 1080 (9th Cir. 2012).  We affirm.

The district court properly dismissed Shoaga's action because Shoaga failed to allege facts sufficient to show that he exhausted administrative remedies.  *See B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099-1100 (9th Cir. 2002) (Title VII plaintiff must exhaust administrative remedies by filing a timely EEOC or state agency charge, and allegations not included in an EEOC charge "may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge" (citations and internal quotation marks omitted)), *abrogated on other grounds by Fort Bend County, Texas v. Davis*, 587 U.S. 541 (2019).

**AFFIRMED.**